**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES GEETER,

      Petitioner,                        Civil No. 5:17-CV-11510/5:18-CV-10994
                                          HONORABLE JOHN CORBETT O'MEARA
v.                                    UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

      Respondent,
_____/

**<u>OPINION AND ORDER CONSOLIDATING CASE # 5:17-CV-11510/5:18-CV-
10994, DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL,
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO
APPEAL <i>IN FORMA PAUPERIS</i></u>**

      Charles Geeter, ("Petitioner"), confined at the Baraga Correctional Facility in

Baraga, Michigan, filed two petitions for writ of habeas corpus pursuant to 28 U.S.C. §

2254, in two separate cases. [1] Petitioner challenges his conviction for armed robbery,

M.C.L.A. 750.529; and being a fourth felony habitual offender, M.C.L.A. 769.12. For

the reasons stated below, the Court consolidates petitioner's two petitions into a single

case. The motion to appoint counsel is DENIED. The petition for writ of habeas corpus

is DENIED.

---

     [1] Case # 17-CV-11510 was assigned to this Court. The original respondent on this
case was Connie Horton. The Court amends the caption to reflect that petitioner has been
transferred to a new prison and his current custodian is Daniel Lesatz. *See Edwards
Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). Case # 18-CV-10094 was originally
assigned to Judge Terrence G. Berg but was reassigned to this Court on April 17, 2018.

# I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's conviction stems from a Halloween 2008 robbery of a business in Oak Park. An employee, Janice Moore, and a customer, Cornell Barnes, were present at the time of the robbery and both identified defendant as the perpetrator. Defendant approached the counter and announced that he was robbing the store. He also passed Moore a note that read, "This is a robbery and I have a gun. If you don't give me all the money right now innocent customers and staff will get shot during this altercation." The police crime lab discovered a fingerprint belonging to defendant on the note. Moore identified defendant in a photographic lineup in December 2008, at the preliminary examination, and again at trial. Barnes identified defendant in a corporeal lineup at the Oakland County Jail in January 2009 and at trial. A jury convicted defendant of armed robbery, MCL 750.529. Defendant now appeals as of right.

*People v. Geeter*, No. 292850, 2011 WL 4949697, at * 1 (Mich. Ct. App. Oct. 18, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 808 N.W. 2d 785 (2012).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Geeter,* No. 2009-225214-FC (Oakland Cty.Cir.Ct., Mar. 21, 2016). The Michigan appellate courts denied petitioner leave to appeal. *People v. Geeter,* No. 333170 (Mich.Ct.App. Oct. 21, 2016); *lv. den.* 895 N.W. 2d 527 (2017).

In his petition filed in Case # 18-CV-10994, petitioner claims he filed a state

petition for writ of habeas corpus in the Chippewa County Circuit Court, in which he sought the production of a transcript on a probable cause hearing conducted in the 45th District Court in Oak Park, Michigan. Petitioner indicates that the petition was denied on April 10, 2017 in Case # 17-14631-AH. [2] The Michigan appellate courts denied petitioner leave to appeal. *Geeter v. Chippewa Corr. Facility Warden*, No. 338085 (Mich.Ct.App. Jul. 26, 2017); *lv. Den.* 908 N.W.2d 289 (Mich. 2018).

In Case No. 17-CV-11510, petitioner filed a petition for writ of habeas corpus, in which he appears to raise the following claims: (1) petitioner's Fourth Amendment rights were violated because there was no probable cause to issue the arrest warrant and complaint, (2) the prosecutor violated petitioner's due process rights by failing to disclose exculpatory evidence to the defense that a probable cause hearing had been conducted to obtain the defective arrest warrant in the Oak Park District Court, (3) the information filed in the circuit court did not give petitioner fair notice of the charges against him, and (4) trial counsel was ineffective for failing to move to quash the arrest warrant or complaint.

Respondent filed an answer in opposition to the petition for writ of habeas corpus filed in Case # 17-CV-11510, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

---

[2] See Case # 5:18-CV-10994, Dkt. # 1, Pg ID 3.

In Case # 18-CV-10994, petitioner again raises a claim that the prosecutor failed to disclose that a probable cause hearing was conducted. Petitioner also appears to argue that his due process rights were violated because the probable cause hearing was not transcribed. The Court has not ordered an answer from respondent in this case because the claims appear duplicative to the claims raised by petitioner in his first petition.

## II. Discussion

### A. The Court consolidates petitioner's two petitions into a single case.

This Court consolidates both cases into a single petition because both petitions challenge the same conviction and raise roughly the same claims. A federal district court has the discretion to consolidate different state convictions into a single habeas petition. *See e.g. Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Accordingly, the Court consolidates Case # 17-CV-11510 and 18-CV-10994. Case # 17-CV-11510 shall be designated the lead case. All future filings shall be made in Case # 17-CV-11510.

### B. The motion to appoint counsel is DENIED.

Petitioner moved for the appointment of counsel in Case # 5:18-CV-10994.

The Court denies the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims are clearly procedurally defaulted, he is not entitled to the appointment of counsel. *See Hoggard v. Purkett*, 29 F. 3d 469, 471-72 (8th Cir. 1994).

**C. Petitioner's claims are procedurally defaulted.**

Respondent contends that all of petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his or her procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent argues that petitioner's first, third, and fourth claims are procedurally defaulted because he never raised these claims on either his appeal of right or in his post-conviction motion and no longer has a state court remedy with which to do so.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C.

§ 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his or her available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005).

Petitioner never raised his first, third, or fourth claims in any of the pleadings filed on his direct appeal with the Michigan Court of Appeals (Dkt. 18-18, Pg ID 740-770, 870-95, 929-34, 937-52) or the Michigan Supreme Court (Dkt. 18-20 Pg ID 1012-41) or in his post-conviction motion for relief from judgment and supplemental post-conviction motions filed with the trial court (Dkt. 18-12, Pg ID 624-39, Dkt. 18-13, Pg ID 647-55, Dkt. 18-14, Pg ID 665-79) or in his post-conviction appeal with the Michigan appellate courts. (Dkts. 18-19, Pg ID 965-90, Dkt. 18-21, Pg ID 1103-06).

Although petitioner raised various ineffective assistance of counsel claims in the state courts, he never raised a claim that trial counsel was ineffective for failing to move to quash the warrant.

For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990).  Because petitioner's ineffective assistance of trial counsel claim involving counsel's failure to move to quash the warrant is different than the ineffective assistance of counsel claims presented in his earlier state court proceedings, this claim was never fairly presented to the state courts and is thus unexhausted. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 F. App'x. 458, 459 (6th Cir. 2007).

Moreover, although petitioner in his post-conviction motion for relief from judgment argued that the state withheld evidence of a probable cause hearing at which the arrest warrant that he challenges in his first claim was issued, petitioner never raised a Fourth Amendment claim in his post-conviction motion for relief from judgment but merely claimed that the prosecution withheld exculpatory evidence.

"Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). Petitioner's Fourth Amendment claim is unexhausted, because the factual and legal argument before the Court is "substantially different than the one Petitioner presented to the state courts." *See Hanna v. Ishee*, 694 F.3d 596, 609 (6th Cir. 2012). [3]

---

[3] Assuming that petitioner did properly raise a Fourth Amendment claim in his post-conviction motion, he would not be entitled to habeas relief because such a claim is

Unfortunately, petitioner no longer has any available state court remedies with which to exhaust these claims. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner has no remaining state court remedies with which to exhaust these three claims. If a prisoner fails to present his or her claims to the state courts and he or she is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his or her failure to present the claims in the state courts and actual prejudice to his or her defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3. [4]

---

non-cognizable on habeas review so long as the petitioner has a full and fair opportunity to raise such a claim in the state courts. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). To the extent that petitioner was able to raise his illegal arrest claim in his post-conviction motion, petitioner had a full and fair opportunity to raise this Fourth Amendment claim in the state courts and is thus not entitled to habeas relief. *See Hurick v. Woods*, 672 F. App'x. 520, 535 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 96 (2017).

[4] Petitioner in Case # 18-10994 indicates he filed a state petition for writ of habeas corpus in the Chippewa County Circuit Court, but does not clearly indicate what claims he raised in this petition. It appears that petitioner only raised the same *Brady* claim in that state petition that he raised in his first post-conviction motion and that he currently

Petitioner has failed to establish cause to excuse his default. While ineffective assistance of appellate counsel might excuse petitioner's failure to raise his first, third, or fourth claims on his direct appeal, it does not excuse petitioner's own failure to correctly exhaust these claims in his post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 F. App'x. at 784.

Respondent contends that petitioner's second claim is procedurally defaulted because he only raised it for the first time in his post-conviction motion for relief from judgment and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3) for failing to raise the issue on his appeal of right.

In his second claim, petitioner alleges that the prosecutor violated his due process rights under *Brady v. Maryland, infra,* by failing to disclose to defense counsel that a probable cause hearing had been conducted in the 45th District Court, during which the

---

raises in his second claim. Petitioner does not allege that he raised his first, third, or fourth claims in his state petition. In any event, this would be insufficient to exhaust petitioner's claims. Mich. Comp. Laws § 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule under Michigan law that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (1981)(*citing People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 (1970)). A writ of habeas corpus in Michigan deals only with radical defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780; 371 N. W. 2d 862 (1985)(*citing to In Re Stone,* 295 Mich. 207; 294 N.W. 156 (1940)). A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas proceeding. *Id.* None of the claims raised by petitioner qualify as radical jurisdictional defects and thus could not be challenged by means of a state petition for writ of habeas corpus.

arrest warrant and complaint were issued, and also failed to produce a record or transcript of the officer's testimony at the hearing.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his second claim on his direct appeal as their rationale for rejecting his post-conviction claim. Because the form orders in this case citing Rule 6.508(D) are

10

ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Oakland County Circuit Court judge rejected petitioner's claim in part because she erroneously believed that she had already decided the issue when she denied petitioner's motion to remand the case to the 45th District Court to settle the record regarding the probable cause hearing. *People v. Geeter,* No. 2009-225214-FC, * 4-5 (Oakland Cty.Cir.Ct., Mar. 21, 2016). The judge, however, had previously indicated in the opinion that petitioner was raising his *Brady* claim for the first time in his post-conviction motion for relief from judgment and would have to show cause cause and prejudice, as required by M.C.R. 6.508(D)(3), to obtain relief on the claim. *Id., * 3. After concluding that she had already denied petitioner relief on the *Brady* claim when she denied the motion to remand, the judge indicated that "Because none of the issues raised by the Defendant have merit, Defendant fails to demonstrate the requisite good cause or actual prejudice for relief from judgment. MCR 6.508(D)." *Id.,* at * 5. Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's second claim is clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007).

Petitioner argues that any default should be excused because neither his trial

attorney, appellate counsel, or himself were aware of this December 9, 2008 probable cause hearing until after petitioner's direct appeal.

To prevail on his claim, petitioner must show (1) that the state withheld exculpatory evidence and (2) that the evidence was material either to guilt or to punishment irrespective of good faith or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985). In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F. 3d 380, 388 (6th Cir. 2002). If petitioner can "meet the elements of his *Brady* claim and the withheld evidence was the reason the claim was not presented to the state court, he also has established cause and prejudice to excuse his procedural default." *Henness v. Bagley*, 644 F.3d 308, 324 (6th Cir. 2011)(citing *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

Petitioner failed to establish a *Brady* violation either to establish cause to excuse the default or as a basis for habeas relief. The requirements of *Brady* do not apply to

"information that is not wholly within control of the prosecution." *Coe v. Bell,* 161 F. 3d

320, 344 (6th Cir. 1998). There is no *Brady* violation where a defendant knew or should

have known the essential facts permitting him to take advantage of any exculpatory

information, or where the evidence is available from another source. *Id.* Evidence

concerning the probable cause hearing in the 45th District Court was not wholly within the

control of the prosecutor, thus, petitioner failed to establish a *Brady* violation, either to

establish cause to excuse the default, or as a basis for habeas relief. *See e.g. Harbison v.

Bell*, 408 F.3d 823, 835 (6th Cir. 2005).

Petitioner's second claim is also defaulted and meritless for a second reason.

*Brady's* requirement that a prosecutor disclose material exculpatory information to a

defendant does not apply to the warrant application process. *See Mays v. City of Dayton*,

134 F.3d 809, 815 (6th Cir. 1998). "Because the consequences of arrest or search are less

severe and easier to remedy than the consequences of an adverse criminal verdict, a duty

to disclose potentially exculpatory information appropriate in the setting of a trial to

protect the due process rights of the accused is less compelling in the context of an

application for a warrant." *Id.,* at 816.

Finally, petitioner failed to show that any exculpatory information was presented at

the probable cause hearing. A habeas petitioner bears the burden of showing the

prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th

Cir. 2012). Allegations that are merely conclusory or which are purely speculative cannot

support a *Brady* claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).

Petitioner's allegation that the officer may have made statements at the probable cause hearing that could have been used to impeach his credibility is too conclusory and speculative to support a *Brady* claim.

The cause and prejudice requirement for procedurally defaulted claims "parallels requirements for the *Brady* analysis." *Harbison,* 408 F. 3d at 834. Because petitioner did not demonstrate such cause and prejudice, he also has not established a *Brady* violation. *Id.* at 834-35.

Petitioner has not alleged or demonstrated any cause for the procedural default of his four claims, it is thus unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *See also Isabell v. Curtis,* 36 F. App'x. 785, 788 (6th Cir. 2002); *Payne v. Smith,* 207 F. Supp. 2d 627, 638-39 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's claims on the merits. *See Payne,* 207 F. Supp. 2d at 639.

### III. Conclusion

The Court denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that

reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that:

(1) Cases # 5:17-CV-11510 and 5:18-CV-10994 are **CONSOLIDATED.** Case # 5:17-CV-11510 is designated the lead case. All future filings shall be filed under Case # 5:17-CV-11510.

(2) The motion for the appointment of counsel is **DENIED.**

(3) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(4) A certificate of appealability is **DENIED.**

(5) Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                        s/John Corbett O'Meara
                        United States District Judge


Date:  May 3, 2018


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 3, 2018, using the ECF system and/or ordinary mail.


                        s/William Barkholz
                        Case Manager